### COMMONWEALTH vs. BENJAMIN GOODWIN.

On the trial of an indictment for an assault and battery, alleged to have been committed by firing a pistol bullet at the prosecutor, evidence having been introduced, on the part of the government, tending to prove the commission of the offence, as charged, the defendant introduced evidence tending to prove, that, at the time of the supposed assault, the prosecutor was at the front door of the defendant's house, committing an offensive nuisance; that the defendant ordered him to go away, which he refused to do; that the defendant thereupon beat the prosecutor with the handle of a broom, until the same was broken, when the defendant thrust at him with one of the pieces; and that the defendant then went back into his house, and returned with a pistol, but did not discharge the same: The jury having been instructed, "that the facts proved were no justification of the assault and battery," it was held, that the instruction was erroneous; and that the facts should have been submitted to the jury, with instructions as to what would and what would not amount to a justification.

THE defendant was indicted and tried in the municipal court, before *Hopkinson*, J., for an assault and battery on Cornelius Mahoney, with a bullet discharged from a revolving pistol, on the 4th day of November, 1848.

It was in evidence, on the part of the prosecution, that, on the 4th of November, 1848, about eleven o'clock at night, or later, Cornelius Mahoney, the complainant, and Thomas Collins, both Irishmen, after having been together nearly the whole evening, went from Essex street in Boston down Sea street, past the house and residence of Mahoney, to the resi-

dence of the defendant, four doors below, and turned up into a passage way running along by the side of the defendant's house, which is situated on the corner of Sea street and the passage way, to make water, and that while there the defendant came from his house and ordered them away. They refused to go, Mahoney answering, " Would you have me do it in the public street? " The defendant then took a stick and commenced beating Mahoney with it, saying, " I will make you go away." It did not appear, that Mahoney and Collins then offered any violence to the defendant. The stick broke, and the defendant then returned into the house, and came out with a pistol, aimed and discharged it at Mahoney, who then declared that he had been shot. Mahoney called the watchmen, and was taken to the watch-house, and examined thoroughly by a skilful physician, who found some swelling in the groin, and a piece of skin, the size of a five cent piece, apparently torn off; but he could find no ball, nor could he find the track of any, by means of a probe.

The defendant introduced evidence tending to prove, that Mahoney exposed his person to the defendant at his front door, and urined against the front side of the defendant's house at the side of the front door, so that the urine ran down the door upon the steps by which the defendant entered into his house ; his house and shop being upon the same floor. One witness testified, that, sleeping in another room, she heard a stone or brickbat strike, as she thought, against the door. The defendant contended, that he was attracted to the door first by a stone or stick thrown into or against the front door, and that he thereupon opened the door, saw Mahoney doing as is above stated, and ordered him three times to go away ; that Mahoney did not move, but made no resistance and returned no blow, and that the defendant seized a broom, and struck him, and broke the broom handle, and then took a part of the handle and thrust it at him violently, — the end of the broken part being sharp, — standing upon his own premises, either in the door or upon the step nearest to it ; and that returning he took a pistol in his hand, but did not discharge the same.

The defendant, for the purpose of showing the intent with which he fired the pistol, if at all, and in justification thereof, offered to prove a series of acts, committed by Irishmen, in the night time, extending back from within a week of the time of the attack above mentioned, through the space of a year and a half, at intervals, and especially since August last, in which stones had been thrown through his windows, and the sashes broken out; that a bullet had at one of those times been fired through the windows, passing very near to him, and that his life had been often threatened; and that on one occasion, when a large number of Irishmen had assembled about his house, he stood in fear of losing his life. But it was not proposed to prove that either Mahoney or Collins was in any way concerned in these outrages. The court rejected the evidence.

The defendant also offered to prove, that Mahoney had frequently been in jail, and was quarrelsome, and had often been arrested for night brawls, and fights, and drunkenness, within the last two or three months; and that the defendant purchased the pistol for the purpose of self-defence in August last. But the court excluded this evidence.

The court instructed the jury, that the facts proved were no justification of the assault and battery; that if the defendant levelled the pistol, being loaded, at Mahoney, with a threat to shoot, being sufficiently near to make the shot, if fired, effectual, and putting Mahoney in fear, it was an assault.

The defendant desired the court to instruct the jury, that if they should find that he aimed the pistol at Mahoney, after having attempted to drive him from his premises, in the manner above described, for the purpose of driving him away, it would not be an assault; also, that if so aimed, it would not be an assault, unless the pistol was cocked. But the court refused so to instruct the jury. To these rulings, instructions and decisions, the defendant excepted.

The jury found a verdict of guilty, and on being inquired of, at the defendant's request, said they found him guilty of the battery as well as the assault.

Commonwealth *v.* Goodwin.

*G. Bancroft,* for the defendant.

*S. D. Parker,* (county attorney,) for the commonwealth.

FLETCHER, J. This was an indictment for an assault and battery upon one Cornelius Mahoney, with a bullet discharged from a revolving pistol. The government offered evidence to show that Mahoney was in the passage way, along the side of the defendant's house, in the evening, and that while there, the defendant came from his house and ordered him away. He refused to go, and the defendant took a stick and beat him with it, saying, " I will make you go away." The stick broke, and the defendant then went into his house, and came out with a pistol, which he aimed and discharged at Mahoney, who thereupon declared that he was shot. Mahoney was taken to a watch-house, and examined by a physician, who found some swelling in the groin, and a piece of skin of the size of a five cent piece apparently torn off; but could find no ball, nor find with a probe the trace of any.

The defendant put in evidence tending to show that Mahoney exposed his person to the defendant, at his front door, and committed a nuisance upon his premises; and the defendant contended, that he was attracted to the door by a stone or stick thrown against it, and that, opening the door, he found Mahoney committing the nuisance complained of, and ordered him three times to go away; that Mahoney did not move, and the defendant thereupon seized a broom and struck him, and broke the broom, and then took a part of the handle and thrust it at him, standing on his own premises; and that returning into the house, he took a pistol in his hand, but did not discharge the same.

The judge of the municipal court instructed the jury, that the facts proved were no justification of the assault and battery. This was manifestly erroneous, as, by this instruction, the court took into its own control, and decided both the facts and the law, and withdrew the whole case from the consideration of the jury; whereas the facts should have been submitted to the decision of the jury, with instructions from

the court, as to what would and what would not in law be a justification.

The jury should have been instructed, that if they found that the defendant did discharge the pistol, which was denied by the defendant, loaded with a bullet, at Mahoney, such an act, so commonly dangerous to life, would not be justified by the acts of Mahoney complained of; that if they should find that he did not discharge the pistol, but only used the broomstick, then whether the defendant had not good reason for using force, or whether such force was appropriate in kind and suitable in degree, to accomplish the purpose.

There were other exceptions taken by the defendant to the rulings of the court below, which the court has not particularly considered, and upon which they do not think it necessary to express any opinion, though no valid objection is perceived to those rulings.

The exceptions are sustained, the verdict set aside, and the case remanded to the municipal court for further proceedings.