## COMMONWEALTH vs. GREGORY McARTHUR.

No. 00-P-1437.

Suffolk. March 12, 2002. - August 16, 2002.

Present: PORADA, BERRY, & McHUGH, JJ.

*Receiving Stolen Goods. Motor Vehicle,* Receiving stolen motor vehicle. *Practice, Criminal,* Instructions to jury, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

A Superior Court judge correctly denied a criminal defendant's motions for a required finding of not guilty on an indictment charging the defendant with receiving a stolen motor vehicle where, although the evidence was uncontroverted that the defendant had stolen the vehicle in question and could not be guilty of receiving a vehicle he himself had stolen, the indictment placed the defendant on notice that he was also being charged with possession of a motor vehicle while knowing or having reason to know that the vehicle was stolen, and the evidence clearly established that the defendant had committed the offense. [597-599]

At a criminal trial, the defendant's counsel was not ineffective in failing to request an instruction on self-defense and defense of property, where there was no evidence that would have supported a request for an instruction on self-defense and where, although there was sufficient evidence to justify an instruction on defense of the defendant's property, defense counsel's trial tactics in failing to request the instruction were not manifestly unreasonable. [599-600]

INDICTMENTS found and returned in the Superior Court Department on September 15, 1998.

The cases were tried before *John C. Cratsley,* J.

*Timothy M. Farris* for the defendant.

*Amanda L. Lovell,* Assistant District Attorney (*Ursula A. Knight,* Assistant District Attorney, with her) for the Commonwealth.

PORADA, J. The defendant appeals from his convictions by a Superior Court jury of the crimes of assault and battery and

receiving a stolen motor vehicle.[1] He contends that his motions for a required finding of not guilty should have been allowed on the indictment charging him with receiving a stolen motor vehicle and his trial counsel was ineffective in failing to request an instruction on self-defense of his person or an instruction on defense of property.[2] We affirm the defendant's convictions.

1. *Receiving stolen motor vehicle.* The defendant argues that his motions for a required finding of not guilty should have been allowed because the evidence was uncontroverted that he had stolen the vehicle in question, and it is a well-established principle of law in this Commonwealth that a thief cannot be guilty of the crime of receiving stolen goods that he himself has stolen. See *Commonwealth* v. *Haskins,* 128 Mass. 60, 61 (1880); *Commonwealth* v. *Dellamano,* 393 Mass. 132, 134 (1984); *Commonwealth* v. *Nascimento,* 421 Mass. 677, 683 (1996). While the Commonwealth concedes that a thief cannot be convicted of receiving the same property, the Commonwealth argues that the motions for a required finding of not guilty were properly denied because the indictment and evidence sufficed to establish that the defendant committed the crime of possession of a stolen motor vehicle.

The Commonwealth is correct that the body of the indictment reads in the disjunctive and charges that the defendant, "knowing or having reason to know that a certain motor vehicle, to wit: a 1987 Dodge Ram van, the property of Bay State Industrial Services, had been stolen, did receive, possess, conceal or obtain control of the said motor vehicle," in violation of G. L. c. 266, § 28(*a*). Although the caption of the indictment reads "Receiv-

---

[1] The defendant was acquitted on indictments charging him with aggravated rape and assault by means of a dangerous weapon.

[2] The defendant also asserts that the judge's instructions confused the crime of larceny of a motor vehicle with receiving a stolen motor vehicle because the judge instructed the jury that the Commonwealth had to prove that the defendant had the intent to deprive the owner of its use. There was no error. See *Commonwealth* v. *Garcia,* 46 Mass. App. Ct. 466, 468-469 (1999) (intent to deprive owner of allegedly stolen item an element of receiving stolen goods).

The defendant also argues that his counsel was ineffective in requesting the judge to instruct on using a motor vehicle without authority as a lesser included offense of the crime of receiving a stolen motor vehicle. We need not reach that issue because of the disposition of this appeal.

ing Stolen Motor Vehicle," it is the language of the body of the indictment that controls. See *Commonwealth* v. *McClaine*, 367 Mass. 559, 560 (1975); *Commonwealth* v. *Fernandes*, 46 Mass. App. Ct. 455, 459 (1999). As such, the defendant was on notice that he was charged with possession of a motor vehicle while knowing or having reason to know that the motor vehicle was stolen.

Just as receiving a motor vehicle while knowing or having reason to know the same to have been stolen is a separate and distinct offense from stealing a motor vehicle under G. L. c. 266, § 28(*a*), see *Commonwealth* v. *Dellamano*, 393 Mass. at 134 n.4, possession of a motor vehicle while knowing or having reason to know the same to have been stolen must be considered a distinct offense from stealing a motor vehicle. Apart from the fact that receiving implies receipt of the vehicle from another, the elements of the offense of possession and receiving a stolen motor vehicle are the same. See Model Jury Instructions for Use in the District Court §§ 3.11, 5.32-5.321 (1995). See also Model Penal Code § 223.6 (1985). Both require proof of the exercise of dominion and control over the motor vehicle, knowledge that the vehicle has been stolen or reason to know that the vehicle has been stolen, and an intent to deprive the owner of the use of the motor vehicle. See *Commonwealth* v. *Garcia*, 46 Mass. App. Ct. 466, 468-469 (1999). Although the evidence was overwhelming in this case that the defendant had stolen the motor vehicle, we do not conclude that evidence that the defendant was, himself, the thief would preclude a conviction for possession of a motor vehicle while knowing or having reason to know the same to have been stolen. When G. L. c. 266, § 28, was amended in 1980, possession of a motor vehicle while knowing or having reason to know the same to have been stolen was added as an offense to the crimes of stealing and receiving a motor vehicle. See St. 1980, c. 463, § 4 ("An Act Facilitating the Investigation and Prosecution of the Theft of Motor Vehicles and of Fraudulent Motor Vehicles Insurance Claims"). Commensurate with this purpose, there is nothing inconsistent with charging and convicting the actual thief of the crime of possession of the stolen motor vehicle, for it facilitates the prosecution of individuals for the theft of motor vehicles

where proof of the actual taking of the motor vehicle, an element of the offense of stealing the motor vehicle, may be difficult to establish.[3] To require that someone other than the defendant commit the theft in order to convict one of the offense of possession of a motor vehicle, knowing or having reason to know the same to have been stolen, would undoubtedly thwart the intent of the Legislature to facilitate the prosecution of crimes relating to the theft of motor vehicles.[4]

In this case, where the evidence clearly established that the defendant did not return the motor vehicle he was assigned to drive for his employer at the end of his work day, and retained possession of the motor vehicle for nine days until apprehended by police without ever again reporting to work or contacting his employer, the judge properly denied the motions for a required finding of not guilty.[5]

2. *Defense instructions.* The defendant argues that his trial counsel was ineffective in failing to request an instruction on the defense of both his person and property. Based upon our review of the record, there is no evidence that would have supported a request for an instruction on self-defense. There was, however, sufficient evidence to justify an instruction of defense of the defendant's property. The defendant testified that after suspecting the victim of taking his money, he grabbed her to

---

[3]This rationale is in accord with the view of the majority of jurisdictions that have considered this issue. See cases collected in Annot., Participation in Larceny or Theft As Precluding Conviction for Receiving or Concealing the Stolen Property, 29 A.L.R. 5th 59, 248-253 (1995).

[4]While the thief can be charged with both the crime of stealing the motor vehicle and possession of the motor vehicle, knowing or having reason to know the same to have been stolen, he can be convicted and sentenced for only one of those crimes.

[5]Although the defendant's claim of error challenges the propriety of the denial of his motions for a required finding of not guilty, we are mindful that the jury returned a verdict of guilty of receiving a stolen motor vehicle, not possession of a stolen motor vehicle. There, however, is no injustice in allowing this verdict to stand where the judge's instructions on receiving a stolen motor vehicle properly recited the elements for the offense of possession of a stolen motor vehicle and the penalty for both offenses is the same. Cf. *Commonwealth* v. *Nascimento*, 421 Mass. 677, 682-685 (1996) (no need to burden judicial system with new trial where jury found defendant guilty of larceny and receiving the same stolen property where evidence warranted finding of each element of larceny and dismissal of the receiving stolen property count would give defendant all to which he was entitled from the jury).

stop her from taking his money and a struggle ensued between the victim and himself.

However, we are not prepared on this record to rule that defense counsel's failure to request a defense of property instruction constituted ineffective assistance of counsel. It has been firmly established that "[t]rial tactics which may appear questionable from the vantage point of hindsight, do not amount to ineffective assistance unless 'manifestly unreasonable' when undertaken." *Commonwealth* v. *Haley,* 413 Mass. 770, 777-778 (1992), quoting from *Commonwealth* v. *Sielicki,* 391 Mass. 377, 379 (1984). Where the challenged conduct may well reflect arguably reasoned tactical or strategic judgments of defense counsel, we have repeatedly stated that a claim of ineffective assistance of counsel should be made in a motion for a new trial. See, e.g., *Commonwealth* v. *McCormick,* 48 Mass. App. Ct. 106, 107-108 (1999). None was filed here.

That said, it does not appear, on this record, that counsel was ineffective in failing to request such an instruction. The victim in this case testified to a series of assaults upon her, including one with a metal bar. The defendant's testimony that he grabbed her to stop her from stealing his property would have constituted a defense to only one of those touchings and would not have justified the alleged assault by means of a dangerous weapon. See *Commonwealth* v. *Haddock,* 46 Mass. App. Ct. 246, 248-249 n.2 (1999) (one may use reasonable force to defend or regain possession of personal property, short of employment of dangerous weapon). In addition, defense counsel could reasonably have believed that asking the jury to believe that the defendant had to use force to protect himself and his property from the victim, who was four feet, eight inches tall, and weighed eighty-five to eighty-six pounds, as compared to his height of six feet, and weight of 245 pounds, would have significantly undermined the defendant's credibility. In these circumstances, we do not conclude that trial counsel was ineffective.

*Judgments affirmed.*