The defendant, Marcus Stewart, appeals from two convictions following a jury trial in the District Court of assault and battery, G. L. c. 265, § 13A (a ). Concluding that the evidence was sufficient to support the only conviction on which he presents argument,[2] we affirm.
When reviewing the denial of a motion for a required finding of not guilty, "we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.' " Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).
The crime of an intentional assault and battery requires proof that the defendant "touched the victim without having any right or excuse to do so and that the defendant's touching of the victim was intentional." Commonwealth v. Mitchell, 67 Mass. App. Ct. 556, 564 (2006). Furthermore, the touching must be either harmful or nonconsensual. See Commonwealth v. Geordi G., 94 Mass. App. Ct. 82, 85 (2018). Putting aside momentarily the question of self-defense, the evidence established an intentional, nonconsensual touching. The victim testified that, while they were "grappling," the defendant pushed him, threw him on the floor, and grabbed his head. "Offensive physical contact, such as a push ..., undertaken without consent, constitutes a battery in the Commonwealth." Commonwealth v. Travis, 408 Mass. 1, 8 (1990). Accord Geordi G., supra. Accordingly, evidence that the defendant pushed the victim, threw him on the floor, and grabbed his head was sufficient to establish an intentional assault and battery.
The victim testified that the defendant held a brick in his hand and said, "Yo, I'm going to break your window if you don't tell me where she [the woman who apparently stole his 'crack' cocaine] lives." The victim was privileged to use reasonable, nondeadly force to defend his property. See Commonwealth v. Brown, 479 Mass. 163, 169 n.4 (2018) ; Commonwealth v. McArthur, 55 Mass. App. Ct. 596, 599 (2002). Moreover, the victim testified that he "didn't hold [the defendant's] arms until he was trying to punch me with the brick." Evidence that the physical conflict began with the defendant's trying to punch the victim with a brick was sufficient to defeat the defense of self-defense. See Commonwealth v. Grassie, 476 Mass. 202, 212-213 (2017) ; Commonwealth v. Arias, 84 Mass. App. Ct. 454, 478 (2013). Although, as defense counsel noted in closing argument, the victim's account of the beginning of the incident varied, the "jury ... were free to believe or disbelieve, in whole or in part, the testimony of each witness." Commonwealth v. Spinucci, 472 Mass. 872, 878 (2015). Accord Commonwealth v. Quinones, 78 Mass. App. Ct. 215, 220 n.2 (2010).[3] Accordingly, there was sufficient evidence that the defendant did not act in self-defense.
Judgments affirmed.

The defendant raises no challenge to his conviction on count 1, the lesser included offense of assault and battery.

Of course, the jury did not have to believe the defendant's version of events. See Commonwealth v. Alden, 93 Mass. App. Ct. 438, 445 (2018).