NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1009

COMMONWEALTH

vs.

CARMEN ROSADO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal arises from an incident in which the defendant, while a patient at Heywood Hospital, aggressively grabbed the stethoscope around the victim nurse's neck, resulting in ligature marks, after she confiscated the defendant's cell phone.  The defendant was charged with assault and battery on a healthcare provider, G. L. c. 265, § 13I, and, after a bench trial in the District Court, convicted on that charge.  In addition to her direct appeal of that conviction, the defendant also filed a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), arguing that she had received ineffective assistance of counsel.  The judge denied that motion without a hearing.  In this

consolidated appeal of both her conviction and of the denial of her motion for a new trial, the defendant argues that the motion judge, who was also the trial judge, erred in denying her motion for a new trial and that, with respect to her direct appeal of her conviction, the judge erred by failing to instruct himself on the theory of defense of property. We affirm, addressing each argument in turn.

Discussion. 1. Ineffective assistance of counsel. The defendant first argues that the judge erred in denying her motion for a new trial because she received ineffective assistance of counsel. Particularly, she contends that her counsel was ineffective because he failed to argue that she had engaged in lawful defense of property when she assaulted the victim. As part of her motion, the defendant submitted an affidavit from her trial counsel averring that he "presented an accident or mistake defense . . . because [he] believed it was [the defendant's] best defense." As the Supreme Judicial Court has explained,

> "[t]he two-part test a defendant must satisfy to prevail on a claim of ineffective assistance of counsel in Massachusetts is familiar. The defendant must show that counsel's performance fell 'measurably below that which might be expected from an ordinary fallible lawyer,' and that his performance 'likely deprived the defendant of an otherwise available, substantial ground of defence.'"

2

*Commonwealth* v. *Marinho*, 464 Mass. 115, 123 (2013), quoting *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). Where trial counsel's purportedly strategic decisions are in question, "the test is whether the decision was 'manifestly unreasonable when made.'" *Commonwealth* v. *Kolenovic*, 471 Mass. 664, 674 (2015), quoting *Commonwealth* v. *Acevedo*, 446 Mass. 435, 442 (2006). We therefore assess "whether counsel's choice was an informed and reasonable decision; a consideration to be assessed in light of his over-all representation of the defendant at the trial." *Commonwealth* v. *Frank*, 433 Mass. 185, 192 (2001).

"A person 'may defend or regain his momentarily interrupted possession [of personal property] by the use of reasonable force, short of wounding or the employment of a dangerous weapon.'" *Commonwealth* v. *Ogarro*, 95 Mass. App. Ct. 662, 666 (2019), quoting *Commonwealth* v. *Donahue*, 148 Mass. 529, 531 (1889). The use of force in defense of property is justified when "(1) the defendant used only nondeadly force, and (2) the force used was 'appropriate in kind and suitable in degree, to accomplish the purpose.'" *Commonwealth* v. *Haddock*, 46 Mass. App. Ct. 246, 248-249 (1999), quoting *Commonwealth* v. *Goodwin*, 57 Mass. 154, 158 (1849).

"The decision to allow a motion for a new trial lies within the sound discretion of the judge and will not be reversed

3

unless it is manifestly unjust or unless the trial was infected with prejudicial constitutional error." Commonwealth v. Vargas, 475 Mass. 338, 354 (2016), quoting Commonwealth v. Gorham, 472 Mass. 112, 117 (2015). "Judges are to apply the rule 30 (b) standard rigorously and should grant such motion only if the defendant comes forward with a credible reason that outweighs the risk of prejudice to the Commonwealth." Kolenovic, 471 Mass. at 672. "Where, as here, the motion judge is also the trial judge, we give special deference to the judge's findings of fact and the ultimate decision on the motion" (quotation and citation omitted). Id. at 672-673.

The judge did not abuse his discretion in denying the defendant's motion. In reviewing the judge's decision, we emphasize that trial counsel can only be expected to pursue defense strategies that are supported by the facts of the controversy. See id. at 674 (reasonableness of counsel's actions based on what was known or should have been known at time of trial trial). Here, the judge was entitled to find the following as facts. See id. at 665. The defendant checked herself into Heywood Hospital after experiencing suicidal ideation. She remained in the hospital for a period of two and one-half days, during which time she was prohibited from leaving. Eventually, she began demanding to speak with an

4

attorney or advocate, and, when those requests were not granted, used her cell phone to record the victim and other patients as the victim went about her work in the emergency room. The victim asked the defendant to stop recording and when the victim remained "disruptive," confiscated the defendant's cell phone by taking it from her hand.[1] The defendant responded by grabbing the victim by her stethoscope, which was around the victim's neck, so aggressively that the stethoscope broke and ligature marks remained on the side of the victim's neck after the encounter.[2] Hospital security staff restrained the defendant shortly after the physical encounter began, but not before the defendant had inflicted the injury on the victim.

At trial, the defendant's counsel contended that the defendant did not intend to assault the victim but accidentally grabbed the stethoscope while attempting to take her cell phone back from the victim. This was, as he explained in his affidavit, a strategic decision based on his belief that a claim

---

[1] The victim testified that hospital policy prohibited the use of a recording device or cell phone, and that she was concerned that the defendant was violating the Health Insurance Portability and Accountability Act rights of other patients, who were present in the department. She further testified that the policy prohibiting recording was posted.

[2] The marks that remained on the victim's neck were depicted in a photograph that was entered into evidence by the Commonwealth.

of mistake or accident was the defendant's best defense. Although the defendant represented in her motion for a new trial that she ultimately disagreed with counsel's strategy -- in her motion, she contended that trial counsel should have instead argued that the defendant was engaged in lawful defense of property when she assaulted the victim -- the judge was within his discretion in concluding that the strategy, while unsuccessful,[3] was not manifestly unreasonable.  See Commonwealth v. Lally, 473 Mass. 693, 706 (2016), quoting Kolenovic, 471 Mass. at 674-675 (evaluating strategic decision by "search[ing] for rationality in counsel's strategic decisions . . . and not [taking into account] whether counsel could have made alternative choices").  In order to obtain an acquittal by arguing defense of property, counsel would be required to convince the fact finder that the defendant used force that was appropriate in kind and suitable in degree, to accomplish the purpose of recovering her cell phone.  See Haddock, 46 Mass. App. Ct. at 249.  We are unpersuaded by the defendant's claim

---

[3] We are not persuaded by the defendant's argument that the weakness of trial counsel's accident defense supports the conclusion that he was ineffective, as "[i]n cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful."  Kolenovic, 471 Mass. at 673, quoting Commonwealth v. Valentin, 470 Mass. 186, 190 (2014).

that a fact finder could reasonably be convinced to conclude that using a stethoscope cord to "strangle" the victim, as she so testified, so violently that the cord snapped and the victim was left with lasting ligature marks could be construed as appropriate or suitable for the purpose of recovering a cell phone, particularly given that there was no evidence that the victim's confiscation of the cell phone was anything other than temporary.[4]  See Ogarro, 95 Mass. App. Ct. at 666, quoting Donahue, 148 Mass. at 531 ("A person 'may defend or regain his momentarily interrupted possession by the use of reasonable force, short of wounding or the employment of a dangerous weapon'").  Accordingly, there was no abuse of discretion on the part of the judge in denying the defendant's motion for a new trial.[5]  See Kolenovic, 471 Mass. at 676 ("we see no basis to fault counsel for elevating his concern for a viable legal

---

[4] The defendant's reliance on Commonwealth v. McArthur, 55 Mass. App. Ct. 596, 599-600 (2002), is misplaced.  Although the defendant in McArthur presented sufficient evidence to warrant a defense of property instruction with respect to an unarmed struggle with the victim after she took his money, the court explicitly distinguished that touching from a separate assault in which the defendant -- as in this case -- used a weapon to attack the victim.  Id. at 600.

[5] Similarly, we are unconvinced that trial counsel rendered ineffective assistance by failing to request that the judge instruct himself on defense of property.

7

defense over a possible alternative approach likely fraught with difficulty").

2. <u>Jury instruction</u>.  The defendant further argues that the judge erred by not, sua sponte, instructing himself on defense of property before finding her guilty.  In support of this argument, she refers back to her discussion of the evidence that she contends was sufficient to support the conclusion that she engaged in defense of property when she pulled the victim by the stethoscope around her neck.  Specifically, she claims that her testimony that she was attempting to regain possession of her cell phone by reaching out for it when she made contact with the victim.  Accordingly, she suggests that the judge was required to instruct himself on defense of property before finding her guilty.  The claim is meritless.

Because the defendant concedes that she did not request a defense of property instruction at trial, we review for a substantial risk of a miscarriage of justice.  See <u>Commonwealth</u> v. <u>Eberle</u>, 81 Mass. App. Ct. 235, 239 (2012).  With respect to judicial self-instruction, "[w]e presume that in jury-waived trials, judges will 'have correctly instructed [themselves] as to the manner in which evidence was to be considered in [their] role as factfinder.'"  <u>Commonwealth</u> v. <u>Garvey</u>, 99 Mass. App. Ct. 139, 143 (2021), quoting <u>Commonwealth</u> v. <u>Batista</u>, 53 Mass. App.

8

Ct. 642, 648 (2002).  "This presumption, however, will not be applied in cases 'where the record indicates otherwise.'"  Id., quoting Commonwealth v. Urkiel, 63 Mass. App. Ct. 445, 451 (2005).

We note at the outset of our analysis that, given that the defendant did not raise this issue at trial, she is unable to demonstrate that the judge indeed did not instruct himself on defense of property.  See Garvey, 99 Mass. App. Ct. at 143. Nevertheless, as we have discussed, the evidence adduced at trial cannot be said to support defense of property, particularly where the defendant used the victim's stethoscope to pull her by her neck.  See Ogarro, 95 Mass. App. Ct. at 666. Since the defendant did not present evidence supporting defense of property, she was not entitled to such an instruction.  See Eberle, 81 Mass. App. Ct. at 239 (instruction required if any view of evidence would support reasonable doubt as to whether

prerequisites of defense were present).  Accordingly, we discern no error.[6]

Judgment affirmed.

Order denying motion for new trial affirmed.

By the Court (Desmond, Hand & Grant, JJ.[7]),

*Paul Little*

Clerk

Entered:  October 1, 2024.

---

[6] Even assuming, arguendo, that the defendant was entitled to such an instruction, we would discern no substantial risk of a miscarriage of justice given the strength of the Commonwealth's case against the defendant.  See Eberle, 81 Mass. App. Ct. at 240-241 (describing substantial risk of miscarriage of justice).

[7] The panelists are listed in order of seniority.