NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-10587

COMMONWEALTH  vs.  KYRON A. GORHAM.


Bristol.     March 6, 2015. - July 8, 2015.

Present:  Gants, C.J., Spina, Botsford, Lenk, & Hines, JJ.


Homicide.  Intent.  Intoxication.  Evidence, Intent,
     Intoxication.  Practice, Criminal, Capital case, New trial,
     Postconviction relief, Assistance of counsel.



     Indictment found and returned in the Superior Court
Department on March 2, 2007.

     The case was tried before Gary A. Nickerson, J.; motions
for a new trial and for funds, filed on June 25, 2010, were
considered by him, and a motion for reconsideration, filed on
June 14, 2012, was also considered by him.


     John H. Cunha, Jr. (Charles Allan Hope with him) for the
defendant.
     Owen J. Murphy, Assistant District Attorney, for the
Commonwealth.


     SPINA, J.  The defendant appeals from his conviction of

deliberately premeditated murder.  At trial, the defendant

claimed he intended only to scare the victim, but his rifle

discharged accidentally when the victim grabbed the barrel in an

attempt to disarm the defendant. Represented by new counsel on appeal, the defendant filed a motion for a new trial in which he claimed (1) ineffective assistance of counsel based on trial counsel's failure to investigate a defense of "diminished capacity" caused by the voluntary consumption of alcohol, and (2) newly discovered evidence of the defendant's intoxication at the time of the killing. He also filed a motion for funds for an investigator. The motions were denied without a hearing by the trial judge, who also denied without a hearing the defendant's motion for reconsideration. On appeal the defendant argues that he was denied the effective assistance of counsel, and that the denials of his postconviction motions were an abuse of discretion. We affirm the convictions and the denial of the defendant's postconviction motions. We also decline to exercise our powers under G. L. c. 278, § 33E.

1. Background. The jury could have found the following facts. We reserve other details for discussion of particular issues. The defendant was one of ten to fifteen people who attended a party hosted by Kayla Aguiar at her home in Fall River on January 16, 2007. People were drinking alcohol, and it is not clear whether drugs also were used. The defendant did not appear intoxicated. The defendant left the party to get more beer. While he was gone, Kayla Joseph and Jasmine Dugan started arguing, and then fighting physically, over a young man

named Shakeem Davis, who was not at the party. After some partygoers broke up the fight, Joseph telephoned Davis for a ride home. Davis and some friends arrived. Joseph got into their vehicle. At that time, there had been no communication between anyone at the party, other than Joseph, and anyone in the vehicle. They drove to an apartment on Amity Street. When the defendant returned to the party, the festive atmosphere had been dampened by the altercation between Joseph and Dugan. Disappointed and annoyed, the defendant telephoned Davis, and they argued. Angered by Davis's insults, the defendant went to a friend's apartment to get a rifle that the defendant kept there.

The defendant and a friend arrived at the Amity Street apartment where Davis and Joseph had gone. Davis and the defendant cursed each other. The defendant fired his rifle once at Davis, who was sitting on a couch. He fired several more times as Davis ran for cover. Davis sustained a graze wound to his right hand. Bullets penetrated his anterior right and left thighs, his lower left and lower right back, and the left side of his lower torso. The defendant ran from the apartment. He hid the rifle in some bushes. Davis died as a result of multiple gunshot wounds.

After being told that the police were looking for him, the defendant left town. He was arrested in Syracuse, New York, on

February 13, 2007, after first giving a false name to police. He gave a video-recorded statement to Syracuse police, which was played for the jury. In his statement the defendant admitted shooting Davis. He said he only wanted to scare Davis for being disrespectful. When he pointed the rifle at Davis, Davis grabbed the barrel of the rifle and a tug-of-war ensued. The defendant said he pulled the trigger a few times. Davis released his grasp on the barrel after being shot in the chest and stomach.[1] The defendant fled, and he discarded the rifle in some nearby bushes.

Trial counsel had indicated in his opening statement that absence of intent, including intoxication, would be a theory of the defense. Trial counsel requested a voluntary intoxication instruction based on a statement in the defendant's confession to the effect that he had been drinking at the party. The judge declined to give the instruction because there had been no evidence as to the defendant's level of impairment. Specifically, there was no evidence that the defendant's condition rose to the level of "debilitating intoxication" that would support a reasonable doubt that the defendant was capable of forming the requisite criminal intent. See Commonwealth v. James, 424 Mass. 770, 789 (1997).

---

[1] A fingerprint was found on the barrel of the rifle, but it could not be attributed to any specific individual.

The defendant filed a motion for a new trial alleging newly discovered evidence and the failure of trial counsel to investigate a defense of voluntary intoxication. The defendant offered the affidavits of Alberta Smith and trial counsel in support of his motion for a new trial. Smith said she saw the defendant at the party drinking brandy and beer and taking Colotopin pills. She indicated he was "seriously intoxicated." Smith stated that the defendant slurred his speech, and his eyes were "red and bugged out." She said that the defendant and Davis exchanged words outside the house after the defendant returned (in contradiction of the testimony at trial). She had not testified at the trial, but she said that she had been interviewed by police and never provided them with this information. She said she was never contacted by trial counsel.

Trial counsel indicated in his affidavit that he "directed [his] investigator to look into evidence of the defendant's intoxication on the night in question." He said he pursued an intoxication defense at trial "based on the defendant's statement to the police," but the judge declined to give an instruction on voluntary intoxication. The defendant did not offer his own affidavit or that of trial counsel's investigator in support of his motion.

The judge rejected the defendant's claim of newly discovered evidence. He reasoned that, absent a full account of

the investigator's efforts, "[w]e do not know whether [the] investigator spoke with Smith or whether he or she secured similar or dissimilar evidence from the other guests at the party."  The judge also rejected the defendant's claim of ineffective assistance of counsel.  He reasoned that, without knowing what the investigator discovered after having been directed by trial counsel to investigate the question of the defendant's intoxication, the defendant failed to meet his burden of establishing ineffective assistance.  Finally, the judge denied the defendant's motion for funds ($5,000) for an investigator.  He said that "[n]o reasonable defendant or counsel would spend $5,000.00 searching for and interviewing the guests at the party without first getting a full account from the investigator as to his or her findings.  Presently there is an insufficient basis . . . to conclude that post trial discovery is reasonably likely to uncover evidence that might warrant granting a new trial."

The defendant filed a motion for reconsideration of the denial of his motion for a new trial and his motion for funds. He offered his own affidavit in support, together with those of appellate counsel, the investigator, and Kendra Andrews.[2]  The defendant stated in his affidavit that while at the party he

_____

[2] "Kendra Andrews" is a pseudonym for a woman whose affidavit was filed under seal.

consumed five shots of brandy and three bottles of beer during the first hour.  He continued drinking brandy and beer, but he could not recall how many he consumed.  He said he also had taken two or three Colotopin pills and had smoked marijuana earlier in the evening.

Andrews said the defendant reeked of brandy, slurred his speech, walked into walls, and knocked over a table.  She also said that the defendant and Davis exchanged words outside after the defendant returned to the party and Davis had arrived to pick up Joseph (in contradiction of the testimony at trial).  Andrews acknowledged that she personally did not see Davis that night.  She said she spoke to the defendant the day after the party, and that he told her that he did not remember fighting with Davis or why he should be avoiding the police.  She said she had to tell him about the party because he had no recollection.  Andrews stated she had been interviewed by police but not by trial counsel or anyone who worked for him.  Andrews had not testified at the trial.

Appellate counsel's affidavit indicates that the police reports noted the presence of ten to fifteen people at the party, several of whom reported that partygoers were drinking alcoholic beverages.  He said he needed the services of an investigator to locate and interview them.  Appellate counsel included the police reports with his affidavit.  The

investigator filed an affidavit stating that he "was unable to develop any useable witnesses up to the time of . . . trial." He further stated that he and trial counsel met with the defendant on April 8, 2008, at the Bristol County house of correction to discuss a possible plea to murder in the second degree, and that this was the only time he had ever spoken to the defendant or had contact with him in regard to this case.[3]

The defendant also filed the "Declaration of John Nardizzi," dated January 22, 2013. Nardizzi, a private investigator engaged by appellate counsel, located two witnesses who had been at the party. They said they had never been interviewed by the defense, either by a lawyer or by a private investigator, prior to the trial in 2008.

The judge denied the motion for reconsideration. He wrote that the filings added nothing new, and that the "absence of a full accounting of the investigator's efforts is fatal to the present claim." The judge also noted that Nardizzi failed to state in his "declaration" whether the two witnesses he located had given any details as to the defendant's level of intoxication.

---

[3] The defendant filed a motion to expand the record to include the investigator's billing records. Those records indicate the investigator met with trial counsel and the defendant a second time, on May 30, 2008.

2.  <u>Motions for new trial and for reconsideration</u>.[4]  The
defendant argues that the trial judge abused his discretion by
denying his motion for a new trial and his motion for
reconsideration.  We address first the question of ineffective
assistance of counsel, and then the question of newly discovered
evidence.

---

[4] The defendant raises essentially the same claims of
ineffective assistance of counsel and newly discovered evidence
in his direct appeal as he does in his appeal from the denial of
his postconviction motions.  They are based on the same facts
and on the same theories.  Because these claims in the direct
appeal depend on evidence that is not in the trial record, they
necessarily fail.  Our review of issues raised in the direct
appeal is limited to what is contained in the trial record.  See
<u>Commonwealth</u> v. <u>Carlino</u>, 449 Mass. 71, 81 n.22 (2007);
<u>Commonwealth</u> v. <u>Waite</u>, 422 Mass. 792, 807 (1996).  Relief on a
claim of ineffective assistance based on the trial record is the
weakest form of such a claim because it is "bereft of any
explanation by trial counsel for his actions and suggestive of
strategy contrived by a defendant viewing the case with
hindsight."  <u>Commonwealth</u> v. <u>Peloquin</u>, 437 Mass. 204, 210 n.5
(2002).  Relief may be afforded on such a claim "when the
factual basis of the claim appears indisputably on the trial
record."  <u>Commonwealth</u> v. <u>Zinser</u>, 446 Mass. 807, 811 (2006),
quoting <u>Commonwealth</u> v. <u>Adamides</u>, 37 Mass. App. Ct. 339, 344
(1994).  The factual basis for the defendant's claim of
ineffective assistance in his direct appeal does not appear
indisputably from the record.  To the extent that the
defendant's direct appeal suggests that trial counsel was
ineffective for suggesting in his opening statement that
voluntary intoxication would be a defense without having the
evidence to support such a theory, that argument fails as well.
The trial record is silent as to what evidence of intoxication
trial counsel had or did not have.  In any event, trial counsel
may well have thought that even if the evidence did not require
any instruction on voluntary intoxication, the trial judge was
not precluded from giving such an instruction.  Such a strategy,
particularly where the case against the defendant was strong,
would not have been "manifestly unreasonable."  See <u>Commonwealth</u>
v. <u>Adams</u>, 374 Mass. 722, 728-730 (1978).

a. <u>Ineffective assistance of counsel</u>. The defendant contends that trial counsel was ineffective for failing to conduct an adequate investigation into the level of his intoxication for purposes of presenting a defense of voluntary intoxication. He relies on various police reports in which several people who attended or were aware of the party reported that partygoers were drinking alcoholic beverages and smoking marijuana. He also relies on his own postarrest statement to Syracuse police in which he commented that "we were all just drinking some alcohol." He argues that trial counsel failed to investigate properly and develop the facts necessary to support the voluntary intoxication defense he laid out in his opening statement to the jury. The defendant further asserts that he has begun to demonstrate what a competent investigation would have produced, citing the affidavits of Alberta Smith and Kendra Andrews, and that he needs $5,000 to pursue the investigation he has only begun.

"The decision to allow a motion for a new trial lies within the sound discretion of the judge and will not be reversed unless it is manifestly unjust or unless the trial was infected with prejudicial constitutional error." <u>Commonwealth</u> v. <u>Nieves</u>, 429 Mass. 763, 770 (1999). Here, because the defendant was convicted of murder in the first degree, our review is under the statutory standard of G. L. c. 278, § 33E, which is more

favorable than the constitutional standard for reviewing claims of ineffective assistance of counsel. We need not focus on the adequacy of counsel's performance, but on whether there was any error in the course of the trial, and, if there was, whether that error likely influenced the jury's conclusion. See Commonwealth v. Wright, 411 Mass. 678, 682 (1992), S.C., 469 Mass. 447 (2014). A strategic decision by an attorney constitutes error only if it was manifestly unreasonable when made. See Commonwealth v. Smith, 456 Mass. 476, 482 (2010). The burden is on the defendant to show that counsel was ineffective. See Commonwealth v. Johnson, 429 Mass. 745, 754 (1999).

The judge rejected the defendant's claim of ineffectiveness because trial counsel in fact hired an investigator and directed the investigator to investigate the question of the defendant's intoxication on the night in question. The record is silent as to the results of that investigation, other than that the investigator's affidavit indicated that he "was unable to develop any useable witnesses up to the time of . . . trial." As the judge noted, we have no way of knowing whether the investigator interviewed Smith or Andrews, or what, if anything, they may have reported as to the defendant's state of sobriety. Without that information, it is impossible to assess whether or how trial counsel's use of, or response to, the investigation

was such that it amounted to error that was likely to have influenced the jury's conclusion. See Wright, 411 Mass. at 682. See also Commonwealth v. Williams, 450 Mass. 645, 655 (2008). This is not a case where trial counsel did no investigation.

In addition, the judge was not required to credit the affidavit of the defendant, Smith, or Andrews. See Commonwealth v. Diaz, 453 Mass. 266, 283 (2009). There is substantial basis in the police reports on which to reject the affidavits of the defendant, Smith, and Andrews, and to deny the motions for a new trial and for reconsideration, wholly apart from the absence of information regarding the investigation. The defendant never mentioned to Syracuse police that he was intoxicated, but only that he and others at the party "were all just drinking some alcohol." He never mentioned drugs. Andrews, who was interviewed by police four times, and Smith never mentioned the defendant's state of sobriety to police. Moreover, Andrews initially told police that the defendant did not attend the party, and she was persistent on the point. Smith told police she did not know the defendant, and she was "sure that he was never in that apartment" at the time of the party. The judge acted well within his discretion when he concluded that the defendant failed to meet his burden of proof and when he denied the defendant's claim of ineffective assistance of counsel as

contained in his motion for a new trial and motion for reconsideration.  See id.

b.  Newly discovered evidence.  The judge rejected the defendant's claim of newly discovered evidence, especially the information contained in the Smith and Andrews affidavits, because, without a full accounting of the investigator's efforts, there is no way of knowing if the information is newly discovered.  The judge's reasoning and his decision are entirely sensible.  His conclusion that the claim of newly discovered evidence cannot be ascertained is neither erroneous nor an abuse of discretion.

As mentioned in the preceding discussion on ineffective assistance of counsel, and entirely apart from the absence of information about the investigator's efforts, the judge simply could have rejected the affidavits on the strength of other information in the record.  Neither the defendant, Smith, nor Andrews ever told police that the defendant was intoxicated; and both Smith and Andrews had told police that the defendant, without question, did not attend the party.  There was no error or abuse of discretion in the denial of the defendant's motions for a new trial and for reconsideration.  For the reasons stated by the judge, there was no error in the denial of the defendant's motion for funds.

3. <u>Review under G. L. c. 278, § 33E</u>. We have reviewed the entire record and the briefs on appeal and we see no reason to reduce the degree of guilt or to order a new trial.

<u>Judgment affirmed</u>.

<u>Orders denying motion for a new trial, motion for funds, and motion for reconsideration affirmed</u>.