NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-257

COMMONWEALTH

vs.

JOSEPH ELIBERT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the Superior Court, a jury found the defendant, Joseph Elibert, guilty of two counts of indecent assault and battery on a child under fourteen. On appeal, the defendant contends that the judge erred by (1) instructing the jury on the lesser included offense of indecent assault and battery; (2) admitting testimony in violation of the first complaint doctrine; (3) allowing the Commonwealth's expert witnesses to testify to facts not in evidence; and (4) admitting prior bad acts evidence. The defendant also claims that his trial counsel was ineffective for advising him not to testify. We affirm.

Background. The sexual assaults occurred over a period of years while the defendant was in a long-term relationship with the victim's grandmother and living in the family's Dorchester

apartment.  The victim, who was sixteen years old at the time of trial, testified that the abuse began when she was nine years old and continued until the defendant moved out in January 2016. The assaults occurred in the living room of the apartment and in the defendant's car.  When the victim was nine years old, the defendant "forced [her] onto the big couch," "took off [her] pants and [her] underwear and started licking inside [her] vagina and then he put his two fingers inside [her] vagina" while his other hand was "on [her] butt."  When the victim was "maybe ten" years old, the defendant exposed his penis to her in the living room and asked her "to suck it and touch it" while "bringing his penis closer to [her]," "as if he wanted [her] to give oral sex."  Beginning when the victim was in the sixth grade, the defendant assaulted her "[m]ore than once" while alone with her in his vehicle.  The victim testified that he "would put his hands inside [her] khaki pants, through [her] underwear . . . touch inside [her] vagina," and "put his whole hand . . . inside [her] vagina."  In addition, the victim testified to uncharged incidents of touching that occurred in the living room "[m]ore than once a week" from the time she was nine years old to when she was twelve.[1]

---

[1] The victim testified that the defendant "would force [her] on his lap" so that she was facing him, "would either touch [her] breasts or lick [her] breasts, and he would also touch [her] butt."  The defendant would then "move [her] back and forth in a

2

The defendant was indicted on two counts of aggravated rape of a child for "putting his tongue to the [victim's] vagina," and "penetrating the vagina of [the victim] with his fingers;" two counts of indecent assault and battery on a child under fourteen for touching her breasts and buttocks; and one count of open and gross lewdness. The jury found the defendant guilty of the lesser included offense of indecent assault and battery on both the oral and digital aggravated rape counts, and not guilty of the remaining counts. This appeal followed.

Discussion. 1. Lesser included offense instruction. The defendant contends that the judge erred by instructing the jury on the lesser included offense of indecent assault and battery because the evidence did not support such an instruction. Where, as here, the defendant timely objected to the instruction, we review for prejudicial error. See Commonwealth v. LeBlanc, 456 Mass. 135, 142 (2010).

It is well settled that indecent assault and battery on a child under fourteen is a lesser included offense of aggravated rape of a child, distinguished by the element of penetration. See Commonwealth v. Suero, 465 Mass. 215, 219-220 (2013); Commonwealth v. Walker, 426 Mass. 301, 304 (1997). "[I]t is not error to give a lesser included offense instruction 'if on any

sexual motion," and she "could feel his penis touching [her] vagina" through his clothing.

3

hypothesis of the evidence, the jury could have found the defendant[] guilty of [the lesser included offense]' and not guilty of the greater offense."  Commonwealth v. Porro, 458 Mass. 526, 537 (2010), quoting Commonwealth v. Thayer, 418 Mass. 130, 132 (1994).  "In determining whether there is such a hypothesis, 'the judge may consider the possibility that the jury reasonably may disbelieve the witnesses' testimony regarding an element required of the greater, but not the lesser included, offense . . . even though the element that distinguishes the two offenses was not specifically disputed or put in issue at trial.'"  Commonwealth v. Roderiques, 462 Mass. 415, 424-425 (2012), quoting Porro, supra.

The defendant, relying on Commonwealth v. Donlan, 436 Mass. 329, 337 (2002), argues that the lesser included offense instruction was improper because there was no "evidence that disputes or puts into question the element of penetration."  See id. at 335 (defendant not entitled to lesser included instruction where evidence of differentiating element not "sufficiently in dispute" [citation omitted]).  The defendant's reliance on Donlan, however, is misplaced, as he fails to recognize that we apply a "different test where the issue is whether the judge erred in giving a lesser included instruction rather than . . . by failing to give such an instruction."  Porro, 458 Mass. at 537.

4

In the present case, the jury may reasonably have disbelieved the victim's testimony as to penetration and found that there had been indecent touching that fell short of digital and oral aggravated rape.  See Commonwealth v. Russell, 470 Mass. 464, 481-482 (2015).  The jury heard evidence that (1) in her 2016 interview with investigators, the victim alleged that the abuse consisted only of "touching" of her "breasts and [her] butt"; (2) her 2018 interview was "the first time [she] accused [the defendant] of rape"; and (3) when investigators asked why she was "accusing [the defendant] of rape when [she] had never mentioned that back in 2016," she told them she "needed to tell more, and maybe it will bring more power to the situation."  The jury could reasonably have found, as the defendant argued in closing, that "in 2016, she says it was a touching," and "[i]n 2018, she comes back and claims it was a rape."  Furthermore, with respect to the testimony regarding penetration, "the jury properly could have considered the age of the victim," who was nine years old when the abuse began, and "could have had reasonable doubt as to the extent of the contact [she] described."  Id. at 482.  The jury could reasonably have found, for example, that the defendant put his hand inside the victim's pants and "through [her] underwear," but disbelieved her testimony regarding penetration.  See id. at 481 (if there was "evidence of both nonpenetrating and penetrating contact, the

5

jury were free to believe the former and disbelieve the latter").  In this regard, the jury could also have considered the victim's testimony concerning the feeling "from" her vagina in reference to both alleged penetrative conduct and nonpenetrative touching by the defendant.  We conclude that it was not error for the judge to give the lesser included instruction where "a jury reasonably could be convinced by the victim's testimony that the defendant sexually assaulted her but not be convinced beyond a reasonable doubt that penetration occurred."  Porro, 458 Mass. at 537 n.10.

The defendant further contends that the judge erred by not providing a specific unanimity instruction regarding the lesser included offenses of indecent assault and battery.  Where the defendant did not request such an instruction nor object to the judge's instructions on that basis,[2] we review for a substantial risk of a miscarriage of justice.  Commonwealth v. Black, 50 Mass. App. Ct. 477, 477 (2000).  We discern no error, much less such a risk.

"A specific unanimity instruction is required where an 'indictment alleges in statutory terms a criminal offense occurring during a period of several months and, at trial, there is evidence that the defendant committed several such offenses

---

[2] The defendant objected to the judge providing a lesser included offense instruction and a prior bad acts instruction.

6

within that period.'" Commonwealth v. Rios, 96 Mass. App. Ct. 463, 475 (2019), quoting Commonwealth v. Sanchez, 423 Mass. 591, 598 (1996). Here, the judge provided a specific unanimity instruction on the aggravated rape indictments.[3] After explaining the elements of aggravated rape, the judge instructed that if the jury found that the Commonwealth had failed to prove each element beyond a reasonable doubt, that the jury "should consider whether the Commonwealth has proved the lesser crime of indecent assault and battery." In addition, the judge explained that each verdict slip for the two aggravated rape counts "references in parentheses the particular alleged contact," and that there were three choices on each slip: not guilty, guilty, or guilty of the lesser included offense of indecent assault and battery. The judge was not required, sua sponte, to provide an additional specific unanimity instruction on the lesser included offenses.[4]

2. First complaint issues. The defendant argues that the judge erred by permitting the first complaint witness to testify

---

[3] The judge instructed, in part, that the jury must unanimously agree that the rapes occurred "on at least one specific occasion," and, with respect to the digital rape, that the offense occurred "either in the apartment or in the motor vehicle, or in both."

[4] Even assuming error, the risk that the jury would convict the defendant based on uncharged conduct was mitigated by the judge's clear instructions on the limited purpose for which the jury could consider the evidence of touching prior to January 2016, see infra.

to her belief in the victim's allegations and admitting evidence of multiple complaints.  We review the admission of such evidence for abuse of discretion.  See Commonwealth v. Aviles, 461 Mass. 60, 73 (2011).

The defendant maintains that the first complaint witness improperly testified over objection to her belief in the victim's allegations of abuse when she stated that "[i]t sounded pretty real to me, but after [the victim] said it was a joke." Viewed in context,[5] the witness's challenged testimony was not an improper reflection of whether she believed the victim's allegations, but rather a relevant observation of the victim's demeanor and the manner in which she initially made the disclosure -- seriously as compared to joking.  See, e.g., Commonwealth v. Espinal, 482 Mass. 190, 204-205 (2019) (first complaint witness may "testify as to the 'circumstances surrounding the initial complaint'" including "observations of the complainant" and "other relevant conditions that might help a jury assess the veracity of the complainant's allegations" [citation omitted]); Commonwealth v. King, 445 Mass. 217, 246 &

_____

[5] The first complaint witness testified that the victim told her "that [the victim's] grandfather touched her breasts and her butt."  When asked "how [the victim] said it," she testified that "[i]t sounded serious at first, but afterwards she told me it was a joke."  The prosecutor then asked the witness to clarify what she meant when she said the victim said it "seriously," to which the witness responded that "[i]t sounded pretty real to me, but after she said it was a joke."

8

n.26 (2005).  On the record before us, we discern no abuse of discretion in the judge's admission of the first complaint witness's testimony.[6,7]

We likewise discern no reversible error in the admission of the victim's, the mother's, or Detective Johnson's testimony. "While the first complaint doctrine prohibits 'piling on' of additional complaint witnesses, 'it does not exclude testimony that is otherwise independently admissible and serves a purpose other than to repeat the fact of a complaint and thereby corroborate the complainant's accusations.'"  Commonwealth v. Kennedy, 478 Mass. 804, 814 (2018), quoting Commonwealth v. McCoy, 456 Mass. 838, 845 (2010).  The victim's testimony that on January 26, 2016, she "ha[d] a conversation with a school counselor"; "went to [her] mom's house," "Children's Hospital," and "[t]he police station"; and that she no longer lived in the

---

[6] Even assuming error, we discern no prejudice from the admission of the witness's testimony regarding the victim's disclosure "that her grandfather touched her breasts and her butt" where the defendant was acquitted on the indecent assault and battery charges for "touching her breasts" and "touching her buttocks." See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004). Furthermore, the judge properly instructed the jury, both during the trial and in his final charge, on the limited purposes for which it could consider first complaint evidence.

[7] We are likewise unpersuaded by the defendant's assertion that the prosecutor's closing argument, to which he did not object, exacerbated the prejudice from the admission of the first complaint witness's testimony.  Where the admission of the testimony was not error, "the Commonwealth was permitted to rely on it during closing argument" and argue that her testimony corroborated the victim's account.  Espinal, 482 Mass. at 205.

9

apartment or was alone with the defendant after that day "was not offered as first complaint testimony, but rather to provide context" for, inter alia, what led to the end of the years-long abuse. Commonwealth v. Kebreau, 454 Mass. 287, 300 (2009). The victim's redirect testimony as to her family members' reactions to learning of the abuse[8] was properly admitted to rebut questions raised by the defendant on cross-examination.[9] Id. at 297-299. Finally, we discern no reversible error in the admission of Detective Johnson's testimony where the defendant "opened the door" to the nature of the questions in the 2016 forensic interview on cross-examination of the victim, Commonwealth v. Torres, 86 Mass. App. Ct. 272, 277-278 (2014) (once defendant "opened the door," Commonwealth permitted to explore contents and context of statements in more detail), and the detective did not "reiterate[] [the victim's] accusations or

---

[8] Even assuming, arguendo, that it was error to admit the mother's testimony that she felt "[s]hock," "[c]onfusion," and "just hurt" after she "learn[ed] of some information" on January 26, 2016, we discern no prejudice where the testimony was brief, she did not convey the content of the information she learned nor her belief in it, and the defendant relied on this testimony in closing argument to suggest that "[a]ny parent . . . would feel the same way" and the mother "had trouble believing" the allegations. See McCoy, 456 Mass. at 851-852.

[9] After the defendant cross-examined the victim about her partial and delayed disclosures, the victim explained on redirect that she did not disclose the full extent of the abuse in 2016 "[b]ecause of how [her] family reacted."

10

enhance[] her credibility by suggesting that [he] believed her."[10]  Kennedy, supra at 815.

3.  Commonwealth's expert witnesses.  The defendant next asserts that the judge erred by allowing the Commonwealth's expert witnesses to testify to facts not in evidence and to bolster their opinions with hearsay evidence through references to literature, research, studies, and observations of their colleagues' work.  As the defendant did not object to the experts' testimony on this ground, either at trial or at the motion in limine stage, we review to determine whether there was error, and if so, whether it created a substantial risk of a miscarriage of justice.[11]  Commonwealth v. Grady, 474 Mass. 715, 716-717, 719 (2016).

"Although facts and data not in evidence may form the basis of an expert witness's opinion testimony, the expert may not present on direct examination the specific information on which he or she relied . . . because expert testimony to the fact[s] of the test results obtained by someone else . . . [is] hearsay" (quotation and citation omitted).  Commonwealth v. Greineder,

---

[10] We likewise reject the defendant's argument that the prosecutor's brief references to the victim "finally [speaking] up" on January 26, 2016, and to the family's reactions in opening and closing arguments, to which he did not object, exacerbated any prejudice, much less created a substantial risk of a miscarriage of justice.
[11] Even assuming this issue was properly preserved, we discern no prejudicial error for the reasons discussed infra.

464 Mass. 580, 583 (2013). As the Commonwealth concedes, Dr. Schwartz's testimony on direct examination regarding the specific findings of her colleague's study of pregnant teenagers constituted inadmissible hearsay. That notwithstanding, we discern no substantial risk of miscarriage of justice in the admission of this testimony where the testimony was brief, and the jury found the defendant not guilty of both counts involving penetration.[12] See Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 923 (2004) (admission of evidence "obviously not unduly prejudicial given the defendant's acquittal on the charge to which it most directly related"); Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997). The remainder of Dr. Schwartz's and Dr. Tishelman's testimony, however, was properly admitted. See Commonwealth v. Durand, 475 Mass. 657, 670 (2016) (testimony admissible where expert "testified that her opinion was based on relevant scientific literature but she did not name specific studies or discuss their factual findings").

Finally, we reject the defendant's assertion that the experts' testimony violated his right to confrontation. The literature, research, and studies to which the experts referred were not testimonial in nature and do not implicate the

---

[12] We likewise discern no substantial risk of a miscarriage of justice from the prosecutor's brief reference to Dr. Schwartz's inadmissible testimony during closing argument, to which the defendant did not object.

confrontation clause.  See Commonwealth v. Cole, 473 Mass. 317,

329-330 (2015); Commonwealth v. Durand, 457 Mass. 574, 589

(2010).

4. Prior bad acts evidence.  The defendant contends that

the judge erred by admitting the victim's testimony regarding

the defendant's uncharged conduct.[13]  Where the defendant

objected to the admission of the prior bad acts evidence, we

review for abuse of discretion.  See Commonwealth v. McCowen,

458 Mass. 461, 478 (2010).

The victim's testimony regarding the uncharged touching

incidents that occurred "more than once a week" was relevant and

properly admitted for the limited purposes of establishing a

pattern of conduct and demonstrating the nature of the

relationship between the parties.  See, e.g., Commonwealth v.

Centeno, 87 Mass. App. Ct. 564, 567 (2015).  The victim's

testimony of the ongoing abuse also provided context for, inter

alia, her delayed disclosure and alleged inconsistent

statements.  See, e.g., Commonwealth v. Childs, 94 Mass. App.

Ct. 67, 72 (2018).

---

[13] We reject the defendant's related assertion that the uncharged conduct was the only evidence of improper touching upon which the jury could have convicted him of the lesser included offenses of indecent assault and battery.  As discussed supra, the jury reasonably could have disbelieved the victim's testimony regarding penetration and found indecent touching short of aggravated rape.  See Russell, 470 Mass. at 481-482.

13

Furthermore, the judge's clear limiting instruction during his final charge mitigated the risk of undue prejudice to the defendant. The judge explained that the defendant was "not charged with that touching prior to January of 2016," specified the limited purpose for which the prior bad acts evidence was admitted, and emphasized that the jury could not consider that evidence as proof that the crimes occurred or of the defendant's character or propensity. We presume that the jury followed the judge's limiting instructions. See Commonwealth v. Bryant, 482 Mass. 731, 737 (2019). Where the evidence admitted was highly probative for non-propensity purposes "and the chance of prejudice was minimized by a specific limiting instruction, we cannot say on the record before us that the judge's decision to admit the testimony was in palpable error." Commonwealth v. Dunn, 407 Mass. 798, 807 (1990).

Likewise, the defendant's contention that the judge failed to provide a proper and timely limiting instruction lacks merit. The defendant asserts that the judge's use of the word "showing" improperly implied that the prior bad acts evidence had in fact occurred.[14] Where the defendant did not object to the judge's

---

[14] In his final charge, the judge instructed the jury, in part, that "[d]uring trial, there was some testimony showing that the Defendant touched [the victim's] breasts or buttocks at other times between 2011 and 2016."

14

instruction on this basis at trial,[15] our review is limited to whether there was error and, if so, whether it created a substantial risk of a miscarriage of justice.  See Commonwealth v. Pfeiffer, 482 Mass. 110, 128 (2019); Commonwealth v. Belcher, 446 Mass. 693, 696 (2006).

Viewing the instruction as a whole, see Commonwealth v. Riley, 433 Mass. 266, 270 (2001), we discern no reversible error where the judge explained to the jurors the limited purpose for which they could consider the evidence of the uncharged touching, "to the extent you believe it."  Furthermore, the failure to provide the limiting instruction contemporaneously, when such an instruction was not requested, was not error.  See Commonwealth v. Teixeira, 486 Mass. 617, 629 n.7 (2021).

5.  Ineffective assistance of counsel.  For the first time on appeal, the defendant alleges that his trial counsel was ineffective for advising him not to testify in his own defense. We review a claim of ineffective assistance of counsel to determine whether there was "serious incompetency, inefficiency, or inattention of counsel" that "deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

---

[15] Although the transcript is somewhat unclear, it appears that the defendant objected to the prior bad acts instruction solely because "a course of conduct is not something which is material in this case" and "[t]here's no issue of [identification]."

It is well established "that the preferred method for raising a claim of ineffective assistance of counsel is through a motion for a new trial." Commonwealth v. Zinser, 446 Mass. 807, 810 (2006), citing Saferian, 366 Mass. at 90 n.1. "Relief on a claim of ineffective assistance based on the trial record is the weakest form of such a claim because it is 'bereft of any explanation by trial counsel for his actions and suggestive of strategy contrived by a defendant viewing the case with hindsight.'" Commonwealth v. Gorham, 472 Mass. 112, 116 n.4 (2015), quoting Commonwealth v. Peloquin, 437 Mass. 204, 210 n.5 (2002). Relief may be granted on such a claim, however, "when the factual basis of the claim appears indisputably on the trial record." Commonwealth v. Davis, 481 Mass. 210, 223 (2019), quoting Gorham, supra.

On the record before us, "the defendant's claim of ineffective assistance is not indisputable." Davis, 481 Mass. at 223. Without a motion for a new trial supported by an affidavit from trial counsel or the defendant, we are left with no basis on which to assess the credibility and plausibility of the defendant's contentions made on appeal. See Commonwealth v. Hoyle, 67 Mass. App. Ct. 10, 11 (2006). Nor does the trial transcript support the defendant's allegation, as the judge's colloquy with counsel and the defendant to address his decision whether to testify was not transcribed and the record is silent

16

as to the advice trial counsel provided the defendant regarding this decision.  Accordingly, the claim is speculative, and satisfies neither prong of the ineffective assistance of counsel test.

<u>Judgments affirmed</u>.

By the Court (Milkey, Neyman & Smyth, JJ.[16]),

*Joseph F. Stanton*

Clerk

Entered:  April 5, 2023.

---

[16] The panelists are listed in order of seniority.