NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-223

COMMONWEALTH

vs.

TODD CORBETT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the defendant was convicted of three counts of aggravated rape of a child and one count of trafficking persons for sexual servitude.  On appeal the defendant raises two issues:  (1) error in excluding evidence of the victim's pending criminal charges in Nebraska; and (2) ineffective assistance of trial counsel for failure to (a) introduce documents related to those pending charges and (b) move to stay the trial pending the resolution of the victim's charges.  We affirm.

Background.  The victim was born in Nebraska in 2005 and moved to Attleboro, Massachusetts around age eleven.  He soon began running away to Boston.  While there in mid-October 2020,

at age fifteen, the victim met two men who took him to a party, where he met the defendant.  After the party, the victim went to the defendant's apartment with one of the men he met earlier, who became the victim's friend.  The victim and his friend regularly stayed in hotels because they were both on the run, but returned to the defendant's apartment when they could not find a hotel room.

The victim later returned to the defendant's apartment alone, and the defendant implied that he could stay there in exchange for "sexual favors."  The defendant had sex with the victim and let him stay the night.  Uncomfortable, the victim went back to staying in hotels with his friend because he "didn't want to provide sex again for a place to stay."  The defendant occasionally rented hotel rooms for the victim and his friend.[1]  While at a hotel, the defendant again initiated sexual contact with the victim.  This pattern continued, with the defendant paying the victim for sex at times.

In mid-March 2021, the victim and his friend could not rent a hotel room and ended up back at the defendant's apartment. There, an altercation ensued and the victim's friend stabbed the defendant before fleeing with the victim.  The police

---

[1] Because the victim was underage and both he and his friend were on the run, they were not always successful when trying to rent hotel rooms.

2

immediately pursued the two and arrested them.  The victim initially gave the police two fake names, as he had outstanding charges in Attleboro for railroad trespassing, destruction of property, disturbing the peace, and two larceny charges, and there were warrants out for his arrest.  After the stabbing, the victim was charged with assault to murder by means of a dangerous weapon, a civil rights violation, and providing a false name to the police.

While in custody, the victim spoke with a social worker for the Department of Children and Families (department).  During their interview, the victim told the social worker that on various occasions he had performed sexual favors in exchange for staying at the defendant's apartment or drugs.  The victim underwent a forensic interview,[2] was released from the department's care, and returned to Nebraska.

At trial, the defendant's theory was that the victim's testimony -- which provided most of the evidence against the defendant -- was not credible.  The victim acknowledged that the prosecutor had discussed dismissing the Boston charges before he agreed to testify against the defendant, noting that his

---

[2] The social worker described a "forensic interview" as "an interview of children that have been victims of severe physical abuse, sexual abuse or commercially sexually exploited children. It's recorded, usually the police and the District Attorney are present and it is an interview about exactly what happened."

attorney had told him they would be cleared up.  The judge allowed counsel for the defendant to cross-examine the victim on the Boston and Attleboro charges to show the jury his motive to lie.  The defendant also sought to impeach the victim with pending Nebraska charges that arose a few months before the defendant's trial but well after the forensic interview conducted in Massachusetts.  The judge foreclosed inquiry into those charges, finding they arose after the victim had made a detailed statement to the police and thus lacked relevance.

Discussion.  1.  Pending Nebraska charges.  The defendant argues that the trial judge deprived him of his constitutional right to present a defense through cross-examination by excluding evidence of the victim's pending Nebraska cases.  He contends that those charges were relevant evidence of the victim's motive to lie.  We disagree.

"Arrest or indictment alone is insufficient for general impeachment purposes."  Commonwealth v. Haywood, 377 Mass. 755, 759 (1979), citing G. L. c. 233, § 21.  Criminal defendants are entitled as of right, however, to question witnesses about pending criminal charges to show their motive in cooperating with the prosecution.  See Commonwealth v. Carmona, 428 Mass. 268, 270 (1998).  Even absent a promise from the prosecution, it is sufficient that a witness hopes for favorable treatment on a

4

pending criminal charge to justify inquiry concerning bias.  See Id.

But the defendant's right to cross-examination is not limitless.  See Commonwealth v. Roby, 462 Mass. 398, 412 (2012).  A defendant is required to furnish a persuasive explanation why the arrest might indicate a motive to lie.  See Commonwealth v. McGhee, 472 Mass. 405, 425 (2015).  And where a witness's statement predates the charge at issue, there typically must be a "material" change of the witness's testimony postdating the charge to render it subject to impeachment.  Roby, supra, quoting Haywood, 377 Mass. at 762-763.  Absent such a change in testimony, cross-examination on the pending charge may properly be denied "because there is no basis for arguing that the criminal charge[] caused the witness to be biased in favor of the Commonwealth" (citation omitted).  Roby, supra.  We review the decision whether to allow such impeachment testimony for an abuse of discretion.  Id.

Before trial, the Commonwealth moved to exclude evidence of the victim's pending Nebraska charges and custodial status, arguing it was unduly prejudicial and irrelevant.[3]  The parties

_____

[3] The defendant similarly moved to admit evidence of bias, prejudice, and motive to lie, citing Commonwealth v. Marcellino, 271 Mass. 325, 327 (1930) for the proposition that "[a] defendant has the right to bring to the jury's attention any circumstances which may lead the jury to find that the witness is under an 'influence to prevaricate.'"  He did not argue the

5

argued the motion on the first day of trial.  The defendant argued that because the victim faced serious charges and was in a tense situation in the Nebraska facility, the prosecution bringing him to Massachusetts to testify contributed to his decision to cooperate with them and is relevant.  His counsel agreed with the judge that the Nebraska charges do not go to the victim's motive to lie because they arose after his initial statement, but argued they were relevant evidence that the victim was continuing the lie to "get out of a jam," because it worked on the Massachusetts charges.  The Commonwealth argued that the victim made the detailed statements before even returning to Nebraska, he remained in custody in Massachusetts, and allowing cross-examination on the Nebraska charges would be speculative and "dramatically prejudicial."

The judge precluded inquiry into the Nebraska charges, finding they lacked relevance "given the fact that the alleged . . . incidents occurred after he had already made a detailed statement to the police."  The judge did, however, allow inquiry into the Attleboro and Boston charges, noting that even if the Commonwealth did not dismiss those charges because of the victim's statement, they were relevant to his state of mind and motive.

---

facts in this motion, only describing the evidence he sought to admit.

6

On appeal, the defendant argues that when the Nebraska charges issued, the victim "easily could have seen the benefit to continue the charade to possibly effect [sic] that case also," demonstrating a pattern of behavior relevant to the victim's ability to testify truthfully that "really could have made a difference to the jury . . . and therefore affected [the defendant's] ability to present an effective defense." He further contends that the judge's ruling deprived him of his constitutional right to present a defense through cross-examination. These arguments fail.[4]

Nothing in the record suggests that the victim changed his version of the events that transpired with the defendant after being charged in Nebraska. Defense counsel made no argument that the victim's story changed after the Nebraska charges arose, and he makes no such argument on appeal. According to the defendant, the victim's Nebraska charges arose from an incident in early 2023, almost two years after the victim's

---

[4] The defendant also argues that because the victim pleaded no contest to the Nebraska charges two months after testifying, "the court should have delayed [the defendant's trial] until it was known whether the Commonwealth's main witness was impeachable through a conviction." The defendant cites no authority to support this argument. Accordingly, we decline to adopt the position that "due process would require delay of the trial until the crucial witness is either convicted or acquitted." The defendant's argument that the judge should have assessed the Nebraska evidence's strength in deciding whether to allow cross-examination on the charges is similarly unpersuasive.

statements.  The social worker testified as the first complaint witness, describing the victim's statements and demeanor when first disclosing the arrangement with the defendant.  The judge instructed the jury it could consider this testimony only in assessing the victim's credibility, and the record demonstrates no material change between the two accounts.  Because there was sufficient consistency between the victim's pretrial statements and his testimony at trial, and the defendant has made no plausible showing of bias, the judge was within her discretion to exclude evidence of the Nebraska charges on cross-examination.  See McGhee, 472 Mass. at 425; Commonwealth v. Hamilton, 426 Mass. 67, 72-73 (1997).

The defendant's argument that the judge's ruling deprived him of his constitutional right to present a defense through cross-examination under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights similarly fails.  The judge allowed inquiry into the dismissed Boston and Attleboro charges.  At trial, counsel for the defendant cross-examined the victim about his Boston and Attleboro charges, his time in juvenile detention, his drug use, running from the police and giving them a fake name, lying to a train conductor, and earning money through "cash app flips," which the victim earlier described as credit card fraud.  These lines of questioning served to alert the jury to the issue of

8

his possible motive to lie, and the jury could "make a discriminating appraisal of the [victim's] possible biases and motivations" (citation omitted).  Commonwealth v. Elliot, 393 Mass. 824, 831 (1985).  And counsel for the defendant forcefully argued the issue of the victim's credibility in closing.  On this record, we cannot hold that the judge's ruling unreasonably limited cross-examination of the victim.  See Commonwealth v. Chicas, 481 Mass. 316, 319-320 (2019).  Accordingly, the defendant's constitutional right to present a defense through cross-examination was not violated.

2. Ineffective assistance of counsel.  Finally, the defendant argues that his trial counsel rendered ineffective assistance by failing to move to stay the trial pending resolution of the victim's Nebraska charges and failing to introduce related documents, which could have further demonstrated his motive to lie and negated his credibility.

To prevail on an ineffective assistance of counsel claim, the defendant has the burden of showing that "there has been serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer -- and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of

9

defence."  Commonwealth v. Britto, 433 Mass. 596, 601 (2001),

quoting Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).

A motion for new trial is the "preferred method" for

raising an ineffective assistance of counsel claim.

Commonwealth v. Davis, 481 Mass. 210, 222 (2019).  A claim for

ineffective assistance of counsel made solely on the trial

record is the "weakest form" of such a claim because it is

"bereft of any explanation by trial counsel for his actions and

suggestive of strategy contrived by a defendant viewing the case

with hindsight."  Commonwealth v. Peloquin, 437 Mass. 204, 210

n.5 (2002).  Only "when the factual basis of the claim appears

indisputably on the trial record" will the defendant be entitled

to relief.  Davis, 481 Mass. at 223, quoting Commonwealth v.

Gorham, 472 Mass. 112, 116 n.4 (2015).

Because we discern no error in the judge's decision

excluding evidence of the Nebraska charges, we conclude that

trial counsel was not ineffective in failing to introduce

related documents, as any motion to do so would have been

frivolous.[5]  And the defendant cites no authority supporting his

contention that trial counsel was unreasonable for proceeding to

trial rather than moving to stay the proceedings indefinitely

---

[5] We need not take judicial notice of the Nebraska charges
to assess the merits of the defendant's claims on appeal,
because the defendant has shown no material change in the
victim's testimony after those charges arose.  See supra at 7-8.

10

pending the resolution of the victim's Nebraska charges (which the victim then intended to take to trial).

Finally, the defendant argues in a conclusory fashion that it was unreasonable for trial counsel not to pursue this issue further. Absent counsel's failure to pursue some obviously powerful form of impeachment available at trial, it is speculative to conclude that a different approach would likely have affected the jury's conclusion, and we have never held that a lawyer must pursue every possible avenue to forestall an ineffective assistance claim. See Commonwealth v. Knight, 437 Mass. 487, 502 (2002). The defendant has failed to make a showing that he was denied effective assistance of counsel under the appropriate standards.

Judgments affirmed.

By the Court (Blake, C.J., Desmond & Singh, JJ.[6]),

Clerk

Entered: January 14, 2026.

---

[6] The panelists are listed in order of seniority.